IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| RICHARD R. ALMODOVAR and VICKIE R. ALMODOVAR, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 180243N |
| v. | ) ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs appealed Defendant's Notices of Assessment, dated February 26, 2018, for the 2014 and 2016 tax years. A trial was held on January 24, 2019, in the courtroom of the Oregon Tax Court in Salem, Oregon. Paul W. Kingsland (Kingsland), CPA, appeared on behalf of Plaintiffs. Plaintiffs called no witnesses. Benjamin Barlow (Barlow), tax auditor, appeared and testified on behalf of Defendant. Plaintiffs' Exhibits 1 and 2 and Defendant's Exhibits A to U were received without objection.

## I. STATEMENT OF FACTS

Because Plaintiffs did not appear at trial or give sworn testimony, the facts set forth in this Statement of Facts are based upon the parties' stipulated exhibits and Barlow's testimony.

During the tax years at issue, Plaintiff Richard R. Almodovar (Almodovar) worked as a plasterer and was a member of the Operative Plasterers and Cement Masons International Association, Plasterers Local #82 of Portland, Oregon (the union). (*See* Ptfs' Exs 1, 2; Def's Ex S.) For the 2014 tax year, Plaintiffs claimed employee business expenses of $14,172, composed of vehicle expenses of $11,141 and other business expenses of $3,031. (Ptfs' Ex 1.) For the 2016 tax year, Plaintiffs claimed employee business expenses of $22,238, composed of vehicle

expenses of $10,560; parking expenses of $312; travel expenses of $3,621; other business expenses of $5,299; and meals and entertainment of $2,446. (Ptfs' Ex 2.)

Defendant sent Plaintiffs letters dated November 2, 2017, requesting certain information and documentation supporting Plaintiffs' Schedule A deductions for the 2014 and 2016 tax years. (Def's Ex A at 1-5, Ex E at 1-5.) Because no response was received, Defendant sent proposed adjustment letters dated November 22, 2017, disallowing Plaintiffs' employee business expenses for both tax years. (Def's Ex B at 3, Ex F at 3.) Subsequently, Plaintiffs provided to Defendant mileage logs for both years; bank and credit card statements to support phone and parking expenses; a few lodging receipts; and various other receipts from Home Depot and other vendors. (Def's Exs I-R.) Barlow testified about the deficiencies he found with documentation provided by Plaintiffs and the documents he requested but did not receive. (*See also* Def's Ex T.) He identified questions that were not answered about some of the documents provided. Barlow maintains that Plaintiffs have not provided sufficient substantiation for the majority of those expenses. He agreed to allow deductions for union dues and tax preparation, but not the remainder. (*See* Def's Exs L at 8, M, Q at 1-2, R.)

Barlow testified that Plaintiffs failed to establish that Almodovar's employee business expenses were "necessary" because they never provided a reimbursement policy from his employer, Harver Company. (*See* Def's Ex T at 1, U (Defendant's request for a copy of the policy and Plaintiffs' response.) Rather, Kingsland sent Barlow a letter stating that "the union and his employer do not reimburse for employee business expenses." (Def's Ex U at 1.)

Kingsland argued that the documentation Plaintiffs provided is sufficient under IRS Publication 463 and Defendant refuses to accept it based on its own standards. Barlow testified in response that IRS publications are guidance, but not law.

## II. ANALYSIS

The issues presented are whether Plaintiffs are entitled to deductions for unreimbursed employee business expenses for either the 2014 or 2016 tax years.

The Oregon Legislature intended to "[m]ake the Oregon personal income tax law identical in effect to the provisions of the Internal Revenue Code [IRC] relating to the measurement of taxable income of individuals, * * * modified as necessary by the state's jurisdiction to tax and the revenue needs of the state[.]" ORS 316.007(1).[1]  In general, terms have "the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required or the term is specifically defined * * *." ORS 316.012.  On the issue of employee business expenses, "Oregon law makes no adjustments to the rules under the [IRC] and therefore, federal law governs the analysis." *See Porter v. Dept. of Rev.*, 20 OTR 30, 31 (2009).

Deductions are "a matter of legislative grace" and taxpayers bear the burden of proving their entitlement to the deductions claimed. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992).  "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof.  The burden of proof shall fall upon the party seeking affirmative relief[.]" ORS 305.427.  "Preponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971).  "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990).  "In an appeal to the Oregon Tax

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.  The 2015 version of the ORS is applicable to the 2016 tax year, but the relevant statutes contain no material differences from the 2013 version.

Court from an assessment made under ORS 305.265, the tax court has jurisdiction to determine the correct amount of deficiency, even if the amount so determined is greater or less than the amount of the assessment determined by the Department of Revenue, and even if determined upon grounds other or different from those asserted by the department, * * *" ORS 305.575.

IRC section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." To be "ordinary," "the transaction which gives rise to [the expense] must be of common or frequent occurrence in the type of business involved." *Deputy v. DuPont,* 308 US 488, 495, 60 S Ct 363, 84 L Ed 416 (1940), citing *Welch v. Helvering,* 290 US 111, 114, 54 S Ct 8, 78 L Ed 212 (1933). A "necessary" expense is one that is "appropriate and helpful" to the taxpayer's business. *See Welch,* 290 US at 113.

"Numerous courts have held that an expense is not 'necessary' under § 162(a) when an employee fails to claim reimbursement for the expenses, incurred in the course of his employment, when entitled to do so." *Orvis v. Comm'r,* 788 F2d 1406, 1408 (9th Cir 1986) (citations omitted). An employee "cannot deduct as his own expenses amounts which are not his, but which are, to the contrary, expenses of his corporate employer. * * * That [the employee] was not in fact reimbursed does not change expenditures made on behalf of the corporation into ordinary and necessary expenses of the [employee]." *Worth v. Comm'r,* 20 TCM (CCH) 216 (1961) (citations omitted). The Ninth Circuit described the underlying policy of the rule:

> "A bright line rule prohibiting deductions for reimbursable expenses avoids the
> difficult inquiry into the taxpayer's knowledge, and gives the taxpayer an
> incentive to determine which expenses are reimbursable. The rule also forecloses
> an avenue for tax manipulation by preventing the taxpayer from converting a
> business expense of his company into one of his own simply by failing to seek
> reimbursement."

*Orvis*, 788 F2d at 1408 (citations omitted).

Plaintiffs have failed to provide persuasive evidence that Almodovar had no right to reimbursement for any of the employee business expenses deducted in 2014 or 2016. They failed to provide a reimbursement policy from Harver Company or a letter stating that no such policy existed. The letter written by Kingsland is insufficient for a few reasons. First, there is no evidence that Kingsland had personal knowledge of Harver Company's reimbursement policy (or lack thereof). Relatedly, Kingsland did not explain the basis for his conclusion that Harver Company did not reimburse any employee business expenses. Accordingly, the court is not convinced that Almodovar's employee business expenses were necessary in either tax year.

Without persuasive evidence that Almodovar's employee business expenses were necessary, the court need not consider the secondary issue pertaining to whether Plaintiffs provided adequate substantiation of claimed employee business expenses.

### III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiffs have failed to prove by a preponderance of the evidence that they are entitled to deductions in 2014 or 2016 for employee business expenses under IRC section 162. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ____ day of April 2019.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on April 22, 2019.*